## Overseers of Election

*William K. Rhodes*, for petitioners.

MacDade, J., November 5, 1934—Petitions for the appointment of a Democratic overseer of election in the first and third precincts of the eighth ward of the City of Chester, were presented to the court of common pleas in behalf of "five citizens, lawful voters" in each of the districts.

Where such a request is granted there shall be two overseers named, of "different political parties" and the appointees shall be "judicious, sober and intelligent citizens", qualified to serve upon election boards: Act of January 30, 1874, P. L. 31, sec. 4.

The appointment of overseers of general elections is provided for by article VIII, sec. 16, of the Constitution of 1874, upon the petition of "five citizens, lawful voters" in any district, and the Election Law of 1874, which is still in force, puts the provision of the Constitution into effect.

The petitions for the appointment of overseers must aver that the appointment "is a reasonable precaution to secure the purity and fairness of elections." This is a constitutional requirement and the Act of 1874 employs the same language. To this end it is required that in each district where such a request is granted there shall be two overseers named, of "different political parties".

In the exercise of our judicial discretion as to the necessity for the appointments, there is nothing in the Constitution or in the statute which requires or suggests that the court in making such appointments shall ratify the nominations of any political committee or of any person or persons. It is quite within the provisions of the law for the court to make its own selections and thus better to secure the purity and fairness of the forthcoming general election. We state this because the petitioners suggested a designated person whereas they should have prayed for the appointment of two overseers of election, of "different political parties", and stipulated only that the proposed appointees were "judicious, sober, and intelligent citizens", qualified to serve upon election boards. While the act reads "shall", which is mandatory, yet it is evident, both from the

requirement that the petitioners must aver that the fairness and purity of the approaching general election requires it and in the definition of duties, which are chiefly in supervision of the operation of the ordinary election machinery, that the proper conception of the Act of 1874 is that the necessity for the appointment of overseers must be extraordinary. As to their duties, they are an arm of the court, and when the polls are closed it is their peremptory duty to forthwith report in writing to the court the result of their exercise of such powers in the operation of the election machinery, particularly reporting any and all violations of the elections laws, which, if any, would be referred to the local district attorney for further investigation and prosecution if the determinative facts warranted such. The office of "overseer of election" is highly important and the persons chosen therefore should represent the higher type of citizens. The office is entirely distinct from that of watcher, who is designated by the party or in the primary by the candidate served. Thus in an effort to obtain the highest type of appointees for character, intelligence, and integrity of "different political parties" we have suggested to counsel to make such recommendations for the appointment of persons who are approved in writing by the respective county chairmen of the two outstanding political parties, which suggestions will be and have been taken into consideration in filing this day's orders of appointment of "overseers of elections" for the districts aforesaid.